DIVISION OF TAX APPEALS.

IN THE MATTER OF THE APPEAL OF CITY OF NEWARK, v. ELECTROLUX CORPORATION, FOR THE YEAR 1944.

Decided June 24, 1947.

For the City of Newark, *Vincent J. Casale* and *Harry A. Pine.*

For the Electrolux Corporation, *John A. Bennett.*

CONKLIN, COMMISSIONER. The petitioner City of Newark appeals from the determination of the Essex County Board of Taxation wherein the original assessment on personal property for the year 1944 of $23,600 was reduced to $7,700, and seeks an increase of the assessment. The question is one of the construction of a statute and its application to "capital employed."

The Electrolux Corporation, not organized under the statutes of New Jersey, is a merchandising concern which carried in its inventory household equipment and spare parts for same. The average inventory as found by the County Board was $7,354.96 and there were fixed assets of $347.94, or a total of personal property in the amount of $7,702.90. The city does not dispute that this is the average inventory as shown by the respondent in its return, but does claim that the corporation should be taxed for capital employed.

R. S. 54:4–19; N. J. S. A. 54:4–19 provided:

"All corporations regularly doing business in this state and not being corporations thereof shall be assessed and taxed for and in respect of the business so done by them, and all such companies other than insurance companies, shall be assessed for the amount of capital usually employed in this state in the doing of such business, and not otherwise taxed as real property or tangible personal property by virtue of this chapter. The assessment shall be made in the taxing district where the business is most usually carried on and transacted." (Repealed by chapter 163 of the laws of 1945.)

The City of Newark called Arthur J. Flynn, a practicing accountant, who testified that he made an examination of the books and assets of the Electrolux Corporation for the year 1944. From his examination and discussion with an officer of the respondent corporation, he determined that the operating costs of the business in Newark amounted to approximately $60,000. He then divided that figure by 12 and obtained $5,000 which he considered capital employed, and that was added to the average inventory and fixed assets, making a grand total of $12,702.90. It was admitted by the witness that of the capital employed he had already assessed $7,000 as inventory.

On the examination of Robert Rose who was in charge of the accounts for the Electrolux Corporation, it was brought out that the $60,000 of expenses are actually paid out of the turnover of inventory and that it is used for rent, power, light, salaries, commissions and the purchase of additional inventory.

R. S. 54:4–19; N. J. S. A. 54:4–19, above cited, provided that capital usually employed in this state not otherwise taxed as real property or tangible personal property shall be assessed and taxed for and in respect to the business so done by the foreign corporation. It is clear from the facts as developed in this hearing that this property was already taxed as tangible personal property. Apparently it was not the intention of the legislature to permit dual taxation; therefore the action of the Essex County Board of Taxation in reducing the assessment to $7,700 is affirmed.